DAVIS, RECURRENTE, *v.* REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Segunda denegatoria de inscripción de cancelación de hipoteca.

No. 463.—Resuelto en mayo 21, 1920.

CANCELACIÓN DE HIPOTECA.—OFRECIMIENTO DE PAGO Y CONSIGNACION—JURISDICCIÓN.—Conociendo el deudor en el presente caso el fallecimiento de la esposa del acreedor, acudió a la Corte de Distrito promoviendo un expediente *ex parte* sobre cancelación de hipoteca y pidiendo permiso para depositar el resto del crédito hipotecario constituido a favor del esposo en vida de su esposa, obtuvo un mandamiento de cancelación de la hipoteca. Negada la cancelación y entablado recurso gubernativo, *se resolvió:* que no siendo el procedimiento empleado por el deudor el de consignación que regula el artículo 1144 y siguientes del Código Civil, pues no aparece que la consignación fuera notificada a los interesados ni que la corte la declarara bien hecha, procede sostener la negativa del registrador, pues la corte actuó sin jurisdicción al mandar cancelar el crédito sin audiencia ni notificación del viudo y de los herederos de la esposa fallecida.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. O. M. Wood.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En el expediente ex parte promovido por Michael Davis sobre cancelación de hipoteca, la Corte de Distrito de San Juan, Sección Segunda, dictó la siguiente resolución:

"POR CUANTO, en este caso se presentó por el promovente, representado por su abogado Mr. O. M. Wood, una moción debidamente jurada solicitando permiso para depositar en la secretaría de esta corte la cantidad de novecientos cuarenta y tres dollars 75 centavos, o sea la suma adeudada actualmente a los esposos Henry y Hannah Redinger, como resto de la hipoteca que por la cantidad de $3,800 e intereses estableció a su favor, en unión de su esposa, sobre una finca rústica de su propiedad, que se describe así:

'Finca rústica, compuesta de diez y siete y media cuerdas, ra-

dicadas en el barrio 'Pugnado adentro,' de Vega Baja, colindante al Norte con don Ruperto Laureano; al Este con don Francisco Crespo; al Sur con terrenos de don Arlington W. Houck; y por el Oeste con la carretera que de Vega Baja conduce a Morovis.'

"POR CUANTO, se ha justificado a satisfacción de la corte que el promovente ha satisfecho a los esposos Redinger los tres mil ochocientos dollars valor de la hipoteca, más todos los intereses devengados hasta la fecha, al tipo convenido de siete por ciento anual.

"POR CUANTO, se ha justificado también que la esposa del Sr. Redinger ha fallecido en los Estados Unidos, circunstancia por la cual los documentos que remitió Mr. Henry Redinger, suscritos solo por él, autorizando a Mr. Herman L. Cochran, vice-presidente del American Colonial Bank para que otorgara una escritura de cancelación total de la referida hipoteca, no llenan los requisitos que exigen las leyes vigentes en Puerto Rico y por tanto son insuficientes para obtener la cancelación de la hipoteca de referencia en el registro de la propiedad correspondiente; por lo que se ha visto obligado a recurrir a esta Honorable Corte para obtener la necesaria autorización para que sea cancelada dicha hipoteca.

"POR CUANTO, dada vista de este expediente al Honorable Fiscal, es de parecer que se han llenado todos los requisitos legales, y no se opone a la aprobación del mismo.

"POR TANTO, esta Corte ordena al Sr. Registrador de la Propiedad, Segunda Sección del Distrito de San Juan, proceda a cancelar la hipoteca constituída sobre la descrita finca, a favor de los esposos Henry y Hannah Redinger, por la suma de tres mil ochocientos dollars y que aparece anotada al folio 21 del tomo 13 de Vega Baja, inscripción primera, a fin de que dicha finca quede libre de ese gravamen a favor de su dueño, el promovente Michael Davis; quedando depositados en la secretaría de esta Corte los $948.75 hasta tanto pruebe el acreedor hipotecario su derecho a dicha cantidad y pueda disponer de ella de acuerdo con ulteriores resoluciones de esta Corte; y sin especial condenación de costas.

"SAN JUAN, P. R., *30 de septiembre de 1919.*"

Copia certificada de esta resolución fué presentada al Registrador de la Propiedad de San Juan, Sección Segunda, quien se negó a hacer la cancelación ordenada fundándose en que según el artículo 82 dé la Ley Hipotecaria, las inscripciones o anotaciones preventivas, hechas en virtud de

escritura pública, no se cancelarán sino por providencia eje-
cutoria contra la cual no se halle pendiente recurso de ca-
sación o por otra escritura o documento auténtico en el cual
exprese su conformidad o consentimiento para la cancelación
la persona a cuyo favor se hubiese hecho la inscripción o
anotación o sus causahabientes o representantes legítimos
y que el documento presentado es solamente una resolución
dictada en un procedimiento *ex parte* promovido por el deu-
dor, sin que aparezca del mismo que los acreedores o sus
sucesores hubieran sido citados, ni que la corte hubiese ad-
quirido jurisdicción sobre ellos, ni que comparecieran en el
indicado procedimiento; y por observarse también que apa-
reciendo de este documento que la acreedora Hannah Re-
dinger falleció, por lo que su parte en el referido crédito ha
pasado a sus herederos, no se consigna quiénes sean tales
herederos ni si a éstos se les dió la debida intervención en
el procedimiento.

De los términos en que está redactada la resolución que
hemos transcrito resulta que conociendo el recurrente la
muerte de la esposa de su acreedor, cuyo consentimiento es
necesario para la cancelación de la hipoteca, en vez de ob-
tener él de sus herederos acudió a un procedimiento *ex parte*
para conseguir la cancelación de la hipoteca depositando la
cantidad que restaba de su deuda; procedimiento que no es
el de consignación que regula el artículo 1144 y siguientes
del Código Civil, pues no aparece que la consignación o de-
pósito, como la llama la resolución, fuera notificada a los
interesados como exige el artículo 1146, ni que la corte resol-
viera que estaba bien hecha para que se ordenara la cance-
lación según el artículo 1148.  Se trata de un procedimiento
*ex parte* en que se manda cancelar un crédito hipotecario sin
haber oido ni dado noticia al cónyuge acreedor sobreviviente,
ni a los herederos de la esposa fallecida, careciendo por este
motivo la corte de jurisdicción para decretar la cancelación
de la hipoteca constituída a favor de los esposos Redinger,

falta de jurisdicción que es el fundamento de la negativa del registrador.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.